UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TYREESE SIMMONS,

                        Plaintiff,

        v.                                                  9:18-CV-0984
                                                                         (TJM/DEP)

M. RILEY, et al.,

                        Defendants.

---

APPEARANCES:

TYREESE SIMMONS
Plaintiff, pro se
17 Stout Street
Rochester, NY 14609

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Tyreese Simmons commenced this action pro se by filing a civil rights complaint together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order of this Court filed September 20, 2018, plaintiff's IFP Application was granted but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 4 (the "September 2018 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. Presently before

this Court is plaintiff's amended complaint. Dkt. No. 8 ("Am. Compl.").

## II. DISCUSSION

### A. The Complaint

In the original complaint, plaintiff alleged that he broke his ankle on May 25, 2018, while playing softball. Compl. at 4. Plaintiff alleged that he was denied an x-ray on that date, and again on May 31, 2018, by unidentified nurses, and defendant Dr. Burdick failed to treat him, in deliberate indifference to his serious medical needs. *Id*. at 4, 6. Plaintiff further alleged that his ankle was not placed in a cast until June 12, 2018, even though an x-ray taken on June 8, 2018, confirmed he suffered a broken ankle. *Id*. Plaintiff also claimed that he was approved for a wheelchair on June 25, 2018, but had it taken away by defendant Nurse Administrator Riley the next day. *Id*. at 6-7.

The Court liberally construed the complaint to assert Eighth Amendment medical indifference claims against defendants Burdick and Riley, as well as against the following parties who were also named as defendants: (1) "Medical Staff of Marcy Correctional Facility"; (2) Superintendent Thomas; (3) "Corrections Officers" at Marcy C.F.; and (4) Corizon Health Care Services, Inc. *See* September 2018 Order at 5-6.

The Court dismissed plaintiff's claims without prejudice because the complaint failed to allege facts plausibly suggesting that any named defendant violated plaintiff's constitutional rights. *See* September 2018 Order at 6-17.

### B. Review of the Amended Complaint

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the September 2018 Order and it will not be restated in this Decision and Order. *See*

September 2018 Order at 2-4.

Plaintiff's amended complaint re-asserts Eighth Amendment claims against defendants Burdick and Corizon Health Care Services, Inc. based on allegations that are virtually identical to those made in the original complaint. *Compare* Compl. *with* Am. Compl. The amended complaint also asserts medical indifference claims against Corrections Officer Lyube and Broniszewski, Nurses Stevens and Reese, and the "Marcy C.F. Recreational Department." *See* Am. Compl. at 2-6. Plaintiff no longer asserts claims against defendants Riley or Thomas. *See generally*, *id*.

Plaintiff's claim against Corrections Officer Lyube is based on allegations that she informed plaintiff, in response to being told of his injury shortly after it occurred, that he had to "wait and report the incident to the dorm officer." Am. Compl. at 4. Plaintiff's claim against Dorm Officer Broniszewski is based on allegations that she initially denied his request for emergency sick because he was not following the proper procedure, and also told plaintiff to let her know if the pain persisted. *Id.* Plaintiff further alleges that Officer Broniszewski contacted emergency sick call for plaintiff when he complained that he could not walk a few hours later. *Id.*

Plaintiff's claims against Nurses Stevens and Reese are based on the same allegations made in the original complaint. *Compare* Compl. *with* Am. Compl. Plaintiff simply names these individuals in his amended complaint, identifying Nurse Stevens as the nurse who examined him on May 25, 2018, and Nurse Reese as the nurse who examined him on May 31, 2018. *See* Am. Compl. at 4-5. In addition, plaintiff's claim against the "Marcy C.F. Recreational Department" is based on allegations that he has not received "medical follow-ups" since his ankle was placed in a cast, or a response to a grievance he filed on June 2,

2018, regarding lack of medical attention.  *See* Am. Compl. at 5-6.

With respect to the Eighth Amendment claims asserted in the amended complaint against defendants Burdick and Corizon Health Care Services, Inc., because those claims are based on the same facts and circumstances alleged in the complaint, and do not include any additional non-conclusory allegations with respect to the alleged wrongdoing of either defendant, plaintiff's Eighth Amendment claims against these defendants are dismissed for the reasons set forth in the September 2018 Order.

With respect to plaintiff's claims against Correction Officer Lyube and Dorm Officer Broniszewski, as non-medical personnel, they may only be held liable for deliberate indifference to medical needs upon a showing that they intentionally denied or delayed plaintiff's access to medical care or intentionally interfered with medical treatment once it was prescribed.  *See Banks v. No. 8932 Corr. Officer*, No. 11-CV-8359, 2013 WL 673883, at *4 (S.D.N.Y. Feb. 25, 2013) ("A prison guard's deliberate indifference to a serious medical need of a prisoner means intentionally denying or delaying access to medical care or intentionally interfering with medical treatment once it was prescribed."); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (noting that deliberate indifference may be manifested when prison guards intentionally deny or delay access to medical care).  The amended complaint lacks allegations which plausibly suggest that either Corrections Officer Lyube or Dorm Officer Broniszewski intentionally denied plaintiff access to medical care.  Indeed, plaintiff does not allege any facts regarding the nature of his pain or physical condition when he initially reported his injuries to these defendants.  Moreover, by his own allegations, when he advised Dorm Officer Broniszewski that he was unable to walk, she sent him to emergency sick call, and this occurred within approximately five hours of when plaintiff alleges he was injured.

Such a delay does not, by itself, plausibly suggest deliberate indifference to plaintiff's serious medical needs. *See, e.g., Crique v. Magill*, No. 12-CV-3345, 2013 WL 3783735, at *3-4 (S.D.N.Y. July 9, 2013) ("While delays in providing necessary medical care may in some cases demonstrate deliberate indifference, the Second Circuit has reserved those instances to cases when prison officials 'deliberately delayed care as a form of punishment, ignored a life-threatening and fast-degenerating condition for three days, or delayed major surgery for over two years.'" (quoting *Demata v. New York State Correctional Dep't of Health Servs*., 198 F.3d 233, 1999 WL 753142, at *2 (2d Cir. Sept. 17, 1999) (citations omitted)); *see also Beaman v. Unger*, 838 F. Supp. 2d 108, 110 (W.D.N.Y. 2011) (ten-week delay in between injury and treatment of a broken wrist and finger insufficient to state an Eighth Amendment claim); *Aho v. Hughes*, No. 03-CV-1552, 2005 WL 2452573, at *7 (D. Conn. Sept. 30, 2005) (two-month delay in between injury and treatment of broken hand insufficient to state an Eighth Amendment claim); *Coqueran v. Eagen*, No. 98-CV-7185, 2000 WL 96768 at *4 (E.D.N.Y. Jan. 20, 2000) (two-month delay between ankle injury and diagnostic X-rays not deliberate indifference).

Plaintiff's claims against Nurses Stevens and Reese fare no better. Plaintiff's only allegations related to Nurse Stevens are that, after evaluating him, she diagnosed his injury as a sprained ankle, denied his request for an X-ray, and instead prescribed him Ibuprofen and instructed him to keep his leg elevated and return in one week if his ankle remained swollen. *See* Am. Compl. at 4. Similarly, plaintiff's only allegations related to Nurse Reese are that she (1) examined plaintiff's ankle, (2) denied his request for an X-ray because only a doctor had the authority to grant the request, and (3) prescribed him more Ibuprofen and instructed him to keep his leg elevated instead of locating a doctor so that he could receive

5

an X-ray.  *Id*. at 4-5.

Even assuming that plaintiff's condition was sufficiently serious during these examinations, plaintiff's allegations against Nurses Stevens and Reese do not plausibly suggest that either of them knew that their recommended treatment created a substantial risk of serious harm to plaintiff, and disregarded that risk by failing to take different measures to abate it.  *See Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) ("Deliberate indifference will exist when an official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).  Rather, at most, the allegations in the amended complaint plausibly suggest that Nurses Stevens and Reese misdiagnosed plaintiff's condition, and recommended a treatment plan that plaintiff disagreed with, which is not enough to state a valid claim of medical mistreatment under the Eighth Amendment.  *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Linden v. Westchester County*, No. 93-CV-8373, 1995 WL 686742, at *3 (S.D.N.Y. Nov. 20, 1995) ("The complaint, generously read, alleges that employees of defendant DOC denied plaintiff a clinic visit for approximately eight hours, had a nurse rather than a physician attend to plaintiff, ignored plaintiff's pleas to be admitted to a hospital, and administered only pain pills to relieve plaintiff's suffering. These allegations do not satisfy the two-part standard set forth in *Estelle*."); *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983

6

claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") (citing *Estelle*, 429 U.S. at 107); *Clark v. Swain*, No. 08-CV-0637, 2011 WL 6938458, at *3 (W.D.N.Y. Oct. 12, 2011), *report and recommendation adopted sub nom*. *Clark v. Lay*, 2012 WL 11128 (W.D.N.Y. Jan. 3, 2012) ("That [defendant's] initial examination did not diagnose plaintiff's injury as a ruptured achilles tendon or cause her to refer plaintiff for immediate transfer to a hospital, is insufficient, without more, to satisfy the subjective element of a claim of deliberate indifference to a serious medical need."); *Purdie v. Graham*, No. 9:09-CV-971 (GTS/ATB), 2011 WL 941283, at *7 (N.D.N.Y. Jan. 19, 2011) ("The decision not to refer plaintiff to an outside hospital [on one occasion], and Nurse Quinn's decision that he required mental health treatment does not constitute deliberate indifference, even if contrary to plaintiff's preferences."), *report and recommendation adopted by* 2011 WL 940469 (N.D.N.Y. Mar. 16, 2011); *Torres v. Alers*, No. 04-CV-1127, 2005 WL 2372741, at *3 (S.D.N.Y. Sept. 26, 2005) ("At most, Defendant might be accused of negligence in failing to order an x-ray of Plaintiff's ankle, but . . . simple negligence, even if it amounts to medical malpractice, does not establish deliberate indifference."); *Jimenez v. Sommer*, No. 14-CV-5166, 2017 WL 3268859, at *7-8 (S.D.N.Y. July 28, 2017) (dismissing claim against doctor based on allegations that he did not receive an x-ray for his broken ankle until five days after his fall, and a cast until six days after an x-ray revealed he had a fracture, noting that "the 'delay' alleged does not rise to the level of inadequate medical care as a matter of law").

Lastly, with respect to plaintiff's claim against the Marcy C.F. Recreational Department, for the same reasons that plaintiff's claims against "Medical Staff" and "Corrections Officers" were dismissed in the September 2018 Order, plaintiff's claims against

7

the Marcy C.F. Recreational Department must be dismissed. *See* September 2018 Order 6-9.

Thus, after reviewing plaintiff's amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action. For all of the reasons set forth herein and in the September 2018 Order, and because plaintiff has already had one opportunity to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.[1]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall update the docket to add the following parties as defendants: (1) Corrections Officer Lyube; (2) Dorm Officer Broniszewski; (3) Nurse Stevens; (4) Nurse Reese; and (5) Marcy C.F. Recreational Department; and it is further

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[2] The Clerk is directed to terminate all of the

---

[1] Although plaintiff's federal constitutional claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.

[2] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

defendants and close this case; and it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:  December 10, 2018
         Binghamton, NY

Thomas J. McAvoy
Senior, U.S. District Judge