UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TYREESE SIMMONS,

                Plaintiff,

    v.                                                     9:18-CV-0984
                                                             (TJM/DEP)

M. RILEY, et al.,

                Defendants.

---

APPEARANCES:

TYREESE SIMMONS
Plaintiff, pro se
17 Stout Street
Rochester, NY 14609

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

### I.    BACKGROUND

Plaintiff Tyreese Simmons commenced this action by submitting a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). By Decision and Order of this Court filed September 20, 2018, plaintiff's IFP Application was granted but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 4 (the "September 2018 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint.

On October 19, 2018, plaintiff filed an amended complaint. *See* Dkt. No. 8 ("Am. Compl."). Thereafter, the Court received medical records from plaintiff. *See* Dkt. No. 9.

By Decision and Order filed December 12, 2018, this Court found that plaintiff's amended complaint failed to state a claim upon which relief may be granted and ordered that this action alleging federal claims under Section 1983 be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). *See* Dkt. No. 13 ("December 2018 Order"). Presently before the Court is plaintiff's motion seeking reconsideration of the December 2018 Order. Dkt. No. 13 ("Motion for Reconsideration").

## II.  MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[1] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

---

[1] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

2

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.[2]

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the December 2018 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice. Thus, plaintiff's motion for reconsideration of the December 2018 Order is denied in its entirety.

As noted in the December 2018 Order, because plaintiff has already had one opportunity to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). *See* December 2018 Order at 8.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 13) is **DENIED**; and it is further

---

[2] Plaintiff appears to believe that his action was dismissed for failure to comply with the deadline set by the Court for plaintiff to file his amended complaint. *See* Motion for Reconsideration at 1. The Court, however, received and considered plaintiff's amended complaint, and dismissed the action after reviewing that pleading in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and concluding that it did not state a claim upon which relief may be granted. *See generally*, December 2018 Order.

3

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: January 17, 2019

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge